FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

FEB 23 2010

DAVID J. MALAND, CLERK
BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| TRACY DOSS and | § | |
| MURICE McCLOSKEY, | § | |
| Plaintiffs | § | |
| | § | CIV. NO. 510 CV - 39 |
| vs. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| UNITED STATES DEPARTMENT OF | § | |
| THE ARMY, | § | |
| Defendants | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW Tracy Doss and Murice McCloskey, complaining of the United States of America and the United States Department of the Army, and for cause of action shows:

### *PARTIES*

1.  Plaintiff, TRACY DOSS, resides in Texarkana, Texas.

2.  Plaintiff, MURICE McCLOSKEY, resides in Redwater, Texas.

3.  Defendant, UNITED STATES OF AMERICA (hereinafter "USA"), is made a Defendant in this matter through the Federal Tort Claims Act, 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2761-2680. The suit pertains to an incident that occurred at Red River Army Depot, an installation in Bowie County, Texas that is owned and operated by the United States Government and the United States Department of the Army. Service, pursuant to Federal Rule of Procedure 4(i), shall be accomplished by delivering a copy of the Summons and Complaint to the United States Attorney for the Eastern District of Texas at U.S. Attorney - Civil Process, 110 N. College, Suite 600, Tyler, TX 75702 and by providing a copy of the Summons and Complaint by registered, certified mail to the United States Attorney General, 950 Pennsylvania Avenue, Washington, D.C. 20530. Service upon the United States Department of the Army shall be accomplished by delivering a copy of the Summons and Complaint to John McHugh, Secretary of the Army, 101 Army

Pentagon, Washington, D.C. 20310-0101.

## *STATEMENT OF JURISDICTION AND VENUE*

4. Jurisdiction and venue are proper under the United States Constitution, the Federal Tort Claims Act, as well as under Texas state law.

5. This Court has jurisdiction over the subject matter of this case pursuant to the Federal Tort Claims Act which grants jurisdiction for actions on monetary claims for injury, property loss or death caused by the negligent or wrongful act or omission of any employee of the government. 28 U.S.C.§1346(b).

6. Before the filing of this matter through the Federal Tort Claims Act, an administrative claim was presented to Defendant through the Department of the Army upon the mandated standard Form 95. Plaintiff received by certified mail from Gregory S. Mathers, Lt. Colonel, U.S. Army, Chief, Torts Claims Division, a notice which constitutes final administrative action on the claim against the USA for personal injury. Such correspondence further notified the Plaintiff that in the event he is dissatisfied with the action taken on the claim, he is to file suit in an appropriate United States District Court no later than six months from November 10, 2009. All administrative processes required by statute have been pursued and have been exhausted.

7. Venue is proper pursuant to 28 U.S.C.A. § 1402(b), in that the events or omissions giving rise to the claim occurred in Bowie County, Texas, and therefore, within the confines of the Eastern District of Texas.

8. Further, this claim is governed by Texas law in that the duties of the United States in a tort action is defined in accordance with the laws of the state where the negligence occurred. *Richards v. United States*, 369 U.S. 1 (1962). The negligence made the basis of this claim occurred entirely within the State of Texas, and therefore, Texas law applies.

## *FACTS*

9.  This case involves severe burn injuries sustained by Plaintiffs Tracy Doss and Murice McCloskey that occurred on or about July 14, 2008 in Building 315 at the Red River Army Depot in Bowie County, Texas.

10. At all pertinent times, Plaintiffs Tracy Doss and Murice McCloskey were employees of Lear Siegler which operated through a contract with Red River Army Depot. The contract in question required that all tools, all materials, and all personal protective equipment necessary for the work was to be provided by Red River Army Depot to Lear Siegler employees.

11. On July 14, 2008, a call was made by employees of Red River Army Depot to Lear Siegler requesting that Lear Siegler employees respond to Building 315 to check on a breaker. Those responding were Murice McCloskey, Tracy Doss, and Ronnie Starkey, Sr. (a Red River Army Depot employee). Both Murice McCloskey and Tracy Doss unsuccessfully attempted to set the breaker. The next step in the process was to the remove the front cover of the box. This is referred to as a "dead front," "front panel," or "cover." It is six to eight feet tall and four feet wide and made of steel. The dead front is held in place by several screw-like mechanisms that actually work levers behind the panel. While one person adjusted the screws/levers, the other held the panel in place to prevent it from falling. Eventually the cover was taken off and set to the side. McCloskey and Doss examined the wires for any evidence of smoke damage, scarring, or cut wires. The next step in the process was the removal of the "arc shield" to check the voltage. The arc shield is held in place with two screws and a plate. While Murice McCloskey was assisting Tracy Doss, Doss removed the bottom screws successfully. When Doss attempted to take out the top screw, an explosion occurred.

### *Doss Injuries*

12. Tracy Doss was initially blinded by the explosion. After the passage of time, he was

able to see some vague figures and people running in the area. He was severely burned.

13. Tracy Doss was initially transported to CHRISTUS St. Michael Health System where he was examined by Dr. Matt Young. Tracy Doss had severe swelling caused by both partial thickness and full thickness burns to the hands, face, and other parts of the body. He was intubated due to swelling caused by the severe facial burns.

14. He was transported by air ambulance to a burn unit in Little Rock, Arkansas after multiple doses of Morphine, Versed, Vecuronium, and other drugs.

15. Mr. Doss remained at the Arkansas Children's Hospital Burn Unit from July 14, 2008 until discharge on July 19, 2008. He was diagnosed with 20% total body surface area partial thickness flash burn to the face and bilateral upper extremities. He remained intubated due to facial edema and was extubated on the fifth day of hospitalization. He was maintained in a coma-like state for four days. While in the hospital, his pain was somewhat controlled by the use of Morphine. At the time of discharge, he was given a prescription for Oxycodone every four hours for pain.

16. After discharge, he was required to return to the burn unit repeatedly thereafter. During many of those visits, he endured "peels" which involved pulling and trimming dead skin from his face and arms and then scrubbing the underlying skin. Tracy Doss's wife, Lora, was trained how to peel and shave her husband, a process that often involved profuse bleeding of facial wounds. Those treatments were extremely painful to Tracy Doss and traumatic to his wife as well. The process of peeling involved pulling the skin from the hairline on the forehead initially. After the skin was loosened, a pair of tweezers would be run down through the skin (under the skin) to make an opening. The tweezers and scissors were then used to cut the skin on the forehead into different sections. Skin was then pulled from the face. Each of these peelings took several hours.

17. After hospitalization, Tracy Doss underwent extensive therapy on an out-patient basis.

He was prescribed compression garments to attempt to deal with the large bullae on his arms. For a lengthy period of time, he was required to continuously wear compression sleeves over his hands and arms in an attempt to help aid circulation and somewhat reduce permanent scarring.

18. As a further result of these injuries, Tracy Doss was required to undergo psychological evaluation and treatment to assist him in overcoming the trauma of the injury, the months of burn treatment, and the uncertainty of his future condition. Medications for depression and anxiety were prescribed and used.

## *McCloskey Injuries*

19. Murice McCloskey was initially blinded by the explosion. He covered his face and turned away. After the passage of time, he was able to see and began looking for Doss and Starkey. McCloskey had been seriously burned.

20. Murice McCloskey was initially transported to CHRISTUS St. Michael Health System where he was examined by Dr. Matt Young. Murice McCloskey had severe swelling caused by both partial thickness and full thickness burns to the hands, face, and other parts of the body. He was intubated due to swelling caused by the severe facial burns.

21. He was transported by helicopter to a burn unit in Little Rock, Arkansas after multiple doses of Morphine, Versed, Vecuronium, Xanax, Atropine, Diprivan, and other drugs.

22. Mr. McCloskey remained at the Arkansas Children's Hospital Burn Unit from July 14, 2008 until discharge on July 24, 2008. He was diagnosed with 15% total body surface area partial thickness flash burn to the face and bilateral upper extremities. While in the hospital, his pain was somewhat controlled by the use of Morphine. At the time of discharge, he was given a prescription for Oxycodone and other medications for pain.

23. After discharge, he was required to return to the burn unit repeatedly thereafter.

During many of those visits, he endured "peels" which involved pulling and trimming dead skin from his face and arms and then scrubbing the underlying skin. Murice McCloskey's wife, Salena, was trained how to peel and shave her husband, a process that often involved profuse bleeding of facial wounds. Those treatments were extremely painful to Murice McCloskey and traumatic to his wife as well. The process of peeling involved pulling the skin from the hairline on the forehead initially. After the skin was loosened, a pair of tweezers would be run down through the skin (under the skin) to make an opening. The tweezers and scissors were then used to cut the skin on the forehead into different sections. Skin was then pulled from the face. Each of these peelings took several hours.

**24.** As a further result of these injuries, Murice McCloskey was required to undergo psychological evaluation and treatment to assist him in overcoming the trauma of the injury, the months of burn treatment, and the uncertainty of his future condition. The initial psychological evaluation and treatment began while in the burn unit. After discharge, he was treated by Dr. Rafael Otero in Texarkana, Texas. He was diagnosed with post-traumatic stress disorder. Medications for depression and anxiety were prescribed and used.

### *NEGLIGENCE OF DEFENDANT*

**25.** The cause of the explosion was investigated by multiple parties including the United States Occupational Safety & Health Administration, as well as the United States Army (pursuant to Army Regulation 15-6). Despite the contractual requirement that all necessary tools, materials, and personal protective equipment were to be provided by Red River Army Depot, no suitable personal protective equipment was provided to Tracy Doss and Murice McCloskey.

**26.** The acts of negligence on the part of Defendant included the violation of pertinent OSHA standards, as determined by the OSHA investigation as follows:

<u>Citation 1 Item 1</u>     Type of Violation:   SERIOUS

29 CFR 1910.332(b)(1): Employees were not trained in and familiar with the safety-related work practices required by 29 CFR 1910.331 through 29 CFR 1910.335 that pertained to their respective job assignments:

On or about July 14, 2008, and times prior thereto, at workplace located at the U.S. Red River Army Depot, Building 315, 100 Main Dr., Texarkana, TX; the employer did not train at least three (3) employees, who were working on an energized 480-Volt electrical panel, on the procedures necessary to protect themselves against electrical shock, arc flash and burns.

<u>Citation 1 Item 2</u>     Type of Violation:   SERIOUS

29 CFR 1910.333(a)(1): Live parts to which an employee could be exposed were not de-energized before the employee worked on or near them:

On or about July 14, 2008, at workplace located at the U.S. Red River Army Depot, Building 315, 100 Main Dr., Texarkana, TX; employees, who were working on/removing an arc shield from an energized 480-Volt electrical panel that had exposed live parts, were not protected from electrical shock, arc flash, and burns.

<u>Citation 1 Item 3</u>     Type of Violation:   SERIOUS

29 CFR 1910.333(a)(2): Where exposed live parts were not de-energized, other safety related work practices were not used to protect employees who could be exposed to the electrical hazards involved:

On or about July 14, 2008, and at times prior thereto, at workplace located at the U.S. Red River Army Depot, 100 Main Dr., Texarkana, Tx; the employer by not using safety-related work practices for employees testing/trouble shooting energized electrical circuits, exposed employees to electrical shock, arc flash and burns.

<u>Citation 1 Item 4</u>     Type of Violation:   SERIOUS

29 CFR 1910.335(a)(1)(i): Employees working in areas where there were potential electrical hazards were not provided with, and did not use, electrical protective equipment that was appropriate for the specific parts of the body to be protected and for the work to be performed:

On or about July 14, 2008, and times prior thereto, at workplace located at the U.S. Red River Army Depot, 100 Main Dr., Texarkana, TX; employees, who performed work on or near energized electrical equipment and circuits, were not protected from hazards associated with arc flash by wearing the appropriate protective equipment which includes but is not limited to hard hats, face shields, flame resistant neck protection, flame retardant suits, voltage-rated rubber gloves with leather protectors.

27. Further identification of Defendant's negligence was made through Memorandum for Commander Red River Army Depot dated August 22, 2008, Subject: Findings for command directed collateral investigation into the arc flash accident in building 315 on 14 July 2008, conducted pursuant to Army Regulation 15-6. Among the findings of the investigation was that Red River Army Depot has not had a preventative maintenance program in place for electrical boxes such as those involved in this incident for at least a decade even though applicable standards, including TM 5-683, requires annual checks. Under the facts of this incident, there had been absolutely no preventative maintenance done so as to prevent the dangerous condition that resulted in the severe burns to Tracy Doss and Murice McCloskey, and such acts of negligence constituted the proximate cause of their burns.

28. Each of the acts of negligence identified by the investigation of the United States Occupational Safety & Health Administration constituted a proximate cause of the arc flash and the resulting severe burns and further injuries to Tracy Doss and Murice McCloskey. Those acts of negligence include, but are not limited to, the Defendant's violation of 29 C.F.R. 1910.332(b)(1), 29 C.R.F. 910.333(a)(1), 29 C.F.R. 910.333(a)(2), and 29 C.F.R. 910.333(a)(1)(i) as itemized in paragraph 25.

29. Each of the acts of negligence as set forth in the Findings for command directed collateral investigation into the arc flash accident in building 315 on 14 July 2008, conducted

pursuant to Army Regulation 15-6, constituted a proximate cause of the arc flash and the resulting severe burns and further injuries to Tracy Doss and Murice McCloskey. Those acts of negligence include, but are not limited to the following:

1. the failure to have policies and procedures in place that required the power to the building being disconnected from the electrical supply line before work of the sort required of Tracy Doss and Murice McCloskey on the occasion in question;

2. the failure to conduct and maintain records of prior maintenance on the panel in question;

3. the failure to maintain an appropriate preventative maintenance program on a 25-year old breaker such as the one that led to these damages as required by TM5-683; and

4. the failure to provide arc flash suits and to have in place appropriate shop practices requiring the use of proper personal protective equipment including arc flash suits.

## *DAMAGES*

**30.** As set forth above in the "Facts" section of this Complaint, Tracy Doss and Murice McCloskey sustained severe burns including both partial thickness and full thickness burns to the hands, arms, and face. They have endured severe pain, incurred significant medical expenses, suffered physical disfigurement and physical impairment, suffered severe mental distress which has manifested itself in depression and post-traumatic stress disorder. In reasonable medical certainty, Mr. Doss and Mr. McCloskey will continue to sustain mental anguish, medical expenses, physical impairment, permanent physical disfigurement, and psychological trauma as a result of the incident and their permanent injuries. These damages far exceed the minimum jurisdictional limits of this court and are in the amounts set forth in mandated Standard Form 95.

## *BENCH TRIAL*

31.     There is no right to jury trial in a Federal Tort Claims action such as this. 28 U.S.C. § 2402. Plaintiffs therefore request that this matter be set for a bench trial at the Court's earliest opportunity.

## *PRAYER*

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Tracy Doss and Murice McCloskey pray that the Defendant be duly cited to appear and answer herein as provided by law, and that upon final trial before the Court, the Plaintiffs have and recover judgment against Defendant in the amount of damages as set forth in Plaintiffs' claim, for prejudgment and post-judgment interest, costs of suit, and all further relief to which Plaintiffs may show themselves to be entitled whether at law or in equity.

Respectfully submitted,

*Miller, James, Miller & Hornsby, L.L.P.*
1725 Galleria Oaks
Texarkana, TX   75503
(903) 794-2711
(903) 792-1276 (Fax)

_____
Paul Miller, Attorney-in-Charge
Texas State Bar No. 14056050
Email: paulmiller@cableone.net

Attorneys for Plaintiffs Tracy Doss and Murice McCloskey